**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
KEVIN ERIC SCOTT,             :
                              : Civil Action No. 05-5136 (FSH)
         Petitioner,          :
                              :
    v.                        :      **O P I N I O N**
                              :
PASSAIC COUNTY JAIL, et al.,  :
                              :
         Respondents.         :
_____:

**APPEARANCES:**

    Kevin Eric Scott, Petitioner, <u>Pro</u> <u>Se</u>
    Passaic County Jail
    11 Sheriff's Plaza
    Paterson, New Jersey 07501

    Yanet Perez Noble, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**HOCHBERG, District Judge**

Petitioner, Kevin Eric Scott, is currently being detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement at the Passaic County Jail in Paterson, New Jersey, pending his removal from the United States.

The named respondents are the Passaic County Jail; the warden of the Passaic County Jail; and the Department of Homeland Security.  Respondents filed a letter brief in lieu of an answer to the petition on February 27, 2006.  Petitioner filed a "motion

to amend/correct or accept the pleading as a reply" on March 13, 2006.  All submissions have been considered.  For the following reasons, the petition will be denied.

## BACKGROUND

Petitioner, a citizen of Jamaica, was admitted to the United States as a legal permanent resident on December 9, 1981.  In 1995, Petitioner was convicted in New York state court for criminal possession of stolen property, and was sentenced to three to six years incarceration.  He was ordered removed <u>in absentia</u> by an Immigration Judge ("IJ") on July 31, 1996.  On April 18, 2001, Petitioner was deported.  He illegally reentered the United States, and on October 1, 2004, filed a motion to reopen his deportation proceedings, stating that he did not receive notice of the July 1996 hearing.

Petitioner's motion to reopen was granted, and on August 24, 2005, he was ordered removed by an IJ in New York.  Petitioner did not appeal the August 24, 2005 removal order.

At the time he filed this petition, Petitioner had been in immigration custody for nine months.  Petitioner's custody status was reviewed on February 1, 2006.  Based on Petitioner's numerous felony and misdemeanor convictions, and his failure to establish that he is not a threat to society or a flight risk, his detention was continued.  Further, on December 23, 2005, the Consulate General of Jamaica informed Respondents that a travel

document was available for Petitioner's removal.  The existence of the travel document was again confirmed by Jamaica to Respondents on February 13, 2006.  Respondents state that the only reason that Petitioner has not yet been removed is because of the stay of removal issued by the Court of Appeals for the Second Circuit, in connection with Petitioner's pending petitions for review.

The instant petition was filed on October 26, 2005. Petitioner's claims regarding his removal proceedings were transferred to the Court of Appeals for the Second Circuit pursuant to the Real ID Act.  Petitioner's claims regarding indefinite detention remain in this Court.

## DISCUSSION

**A.    Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See

3

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.  Discussion**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).[1]  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-

---

[1]  Petitioner argues in his motion to amend/correct his petition that he is being detained pursuant to 8 U.S.C. § 1226.  However, that statute applies to pre-removal-order detention.  It states that the Attorney General is authorized to arrest and detain an alien pending a decision on whether the alien is to be removed.  In this case, Petitioner is being held post-removal order.  Thus, Petitioner's motion(s) to amend/correct will be denied.

reasonable six-month period of post-removal-order detention has passed, an alien must be released if he can establish that his removal is not reasonably foreseeable.  See Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas v. Davis, 533 U.S. 678 (2001).

In addition § 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, Petitioner argues that he should not be subject to incarceration simply because he secured a stay of removal. However, it has been held that because Petitioner has a stay of removal in effect, the post-order removal period does not begin until the Court decides the petition for review.  See Vasquez v. Immigration and Customs Enforcement, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005)(unpubl.) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003)(unpubl.)(as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation,

and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to stay he requested). For substantially the same reasons, the respondents rely on Abimbola v. Ridge, 2005 WL 588769 *2 (D. Conn. 2005)("a self-inflicted wound cannot be grounds for a Zadvydas claim").

Here, Petitioner was granted a stay of the removal in the Second Circuit. Thus, this Court finds that, as the stay is still in effect, the ninety-day removal period, and the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, there is no indication in the record that Petitioner's removal to Jamaica is not reasonably foreseeable if the stay of removal is lifted. Travel documents have been confirmed, and the government is ready to schedule a flight as soon as the stay is lifted. Accordingly, it would appear that Petitioner's continued detention also complies with the mandates of Clark and Zadvydas.

Nevertheless, Petitioner also appears to contend that the sheer length of his prolonged detention violates his right to due process under the Fifth Amendment. In Oyedeji v. Ashcroft, 332 F. Supp.2d 747 (M.D. Pa. 2004), the district court noted that the

"price for securing a stay of removal should not be continuing incarceration," and concluded that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial order.  See Oyedeji, 332 F. Supp.2d at 753-754; Harrison v. Hogan, 2005 WL 2020711 (M.D. Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005).

> [w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable.  The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category.  Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.

The Third Circuit has held that:

Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1994).  The fact that a stay of removal has been issued in this case should not change this result.  See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003)(an alien not normally subject to indefinite detention as in Zadvydas should not be detained simply because he seeks avenues of relief legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take); Oyedeji,

7

332 F. Supp.2d at 753 (the price for securing a stay of removal should not be indefinite detention).

Thus, having concluded that Petitioner is protected by the Fifth Amendment's Due Process Clause, this Court must next determine the review to which Petitioner is entitled with respect to conditional release.  Title 8 of the Code of Federal Regulations, section 241.4 governs the review process, and section 241.13 governs determinations of the likelihood of removal.[2]

---

[2] Under 8 C.F.R. § 241.4(i), the Director of the Headquarters Post-Order Detention Unit ("HQPDU") is required to designate a two-person panel to make recommendations on whether an alien should be released or detained.  This recommendation must be unanimous.  The initial review, and at the beginning of subsequent reviews, the review panel examines the alien's records.  If the panel does not recommend release, or if the HQPDU Director rejects a recommendation for release, the alien shall be personally interviewed by the review panel.  The alien may have a representative at this interview, subject to reasonable security concerns, and he may submit any information he believes may be pertinent in securing his release.

Under 8 C.F.R. § 241.4(d), an alien may obtain a conditional release from detention by showing that his release will not pose a significant risk of flight and danger to the community, to the safety of others or to property pending removal.  Under 8 C.F.R. § 241.4(e), an alien is eligible for release if th review panel or the HQPDU Director find that the following criteria are met: (1) travel documents are not available or immediate removal is otherwise not practicable or not in the public interest; (2) the alien is presently a non-violent person; (3) the alien is likely to remain non-violent if released; (4) the alien is not likely to pose a threat to the community if released; (5) the alien is not likely to violate the conditions of release; and (6) the alien does not pose a significant flight risk if released.

Here, the administrative record shows that Petitioner did receive a custody review in February of 2006, consisting of an examination of Petitioner's file and information that Petitioner submitted to the BICE reviewing officials.  A written Decision to Continue Detention was dated February 1, 2006 and was sent to Petitioner.  Thus, having carefully reviewed the record, the Court finds that Petitioner is not entitled to any greater custody reviews than that which the BICE has already provided.  There is no indication that Petitioner's removal to Jamaica will not be expeditiously accomplished once the judicial stay of removal is lifted.

Accordingly, the Court concludes that Petitioner's continued detention is statutorily permissible under 8 U.S.C. § 1231(a)(1)(B)(ii), because his removal period has not yet commenced.  Moreover, Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review.  Therefore, the petition will be denied without prejudice to allow Petitioner the opportunity to reassert his claims regarding continued detention if the BICE does not provide adequate due process in the future.

**CONCLUSION**

For the reasons set forth above, this petition will be denied, without prejudice.  An appropriate order follows.


    /s/ Faith S. Hochberg
United States District Judge

Dated:  June 23, 2006